

# NUMBER 13-18-00388-CR

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI - EDINBURG

ROBERTO CERVANTES,                                                    Appellant,

v.

THE STATE OF TEXAS,                                                    Appellee.

### On appeal from the 430th District Court
### of Hidalgo County, Texas.

# MEMORANDUM OPINION
### Before Justices Benavides, Hinojosa, and Perkes
### Memorandum Opinion by Justice Benavides

The State charged appellant Roberto Cervantes with a total of thirteen counts of

sexual assault and indecency with a child, involving his three step-daughters. The

charges included: (1) five counts of sexual assault of a child, second-degree felonies, (2)

one count of sexual assault, a second-degree felony, (3) one count of aggravated sexual

assault of a child, a first-degree felony, (4) one count of continuous sexual assault of a

child, a first-degree felony, and (5) five counts of indecency with a child by contact, second-degree felonies. *See* TEX. PENAL CODE ANN. §§ 21.02(b), 21.11(a), 22.011(a), 22.021(a). Cervantes was convicted on all counts after a jury trial, and he elected punishment by the jury. The jury assessed forty years' imprisonment for the continuous sexual abuse of a child, eighteen years' imprisonment for aggravated sexual abuse of a child, twenty years' imprisonment for sexual assault of a child, fifteen years' imprisonment for sexual assault, seven years' imprisonment for four counts of sexual assault of a child, three years' imprisonment for two counts of indecency by contact, and two years' imprisonment for three counts of indecency by contact that the trial court probated to a five year term of community supervision. *See id.* §§ 21.02(h), 21.11(d), 22.011(f), 22.021(e). The trial court imposed the sentences of imprisonment to run concurrently, with the community supervision to run consecutively to the sentences of imprisonment in the Texas Department of Criminal Justice–Institutional Division. Cervantes's court-appointed appellate counsel has filed an *Anders* brief. *See Anders v. California*, 386 U.S. 738, 744 (1967). We affirm.

## I. *ANDERS* BRIEF

Pursuant to *Anders*, Cervantes's court-appointed appellate counsel has filed a brief and a motion to withdraw with this Court, stating that his review of the record yielded no grounds of error upon which an appeal can be predicated. *See id.* Counsel's brief meets the requirements of *Anders* as it presents a professional evaluation demonstrating why there are no arguable grounds to advance on appeal. *See In re Schulman*, 252 S.W.3d 403, 407 n.9 (Tex. Crim. App. 2008) ("In Texas, an *Anders* brief need not

2

specifically advance 'arguable' points of error if counsel finds none, but it must provide record references to the facts and procedural history and set out pertinent legal authorities.") (citing *Hawkins v. State*, 112 S.W.3d 340, 343–44 (Tex. App.—Corpus Christi–Edinburg 2003, no pet.)); *Stafford v. State*, 813 S.W.2d 503, 510 n.3 (Tex. Crim. App. 1991).

In compliance with *High v. State* and *Kelly v. State*, Cervantes's counsel carefully discussed why, under controlling authority, there is no reversible error in the trial court's judgment. *See High v. State*, 573 S.W.2d 807, 813 (Tex. Crim. App. [Panel Op.] 1978); *Kelly v. State*, 436 S.W.3d 313, 319–22 (Tex. Crim. App. 2014). Cervantes's appellate counsel also notified this Court that he: (1) notified Cervantes that he has filed an *Anders* brief and a motion to withdraw; (2) provided Cervantes with copies of both pleadings; (3) informed Cervantes of his rights to file a pro se response,[1] review the record preparatory to filing that response, and seek discretionary review if we conclude that the appeal is frivolous; (4) provided Cervantes with a copy of the appellate record; and (5) informed Cervantes that the pro se response, if any, should identify for the Court those issues which he believes the Court should consider in deciding whether the case presents any meritorious issues. *See Anders*, 386 U.S. at 744; *Kelly*, 436 S.W.3d at 319–20; *see also In re Schulman*, 252 S.W.3d at 409 n.23. Cervantes did not file a pro se response.

---

[1] The Texas Court of Criminal Appeals has held that "the pro se response need not comply with the rules of appellate procedure in order to be considered. Rather the response should identify for the court those issues which the indigent appellant believes the court should consider in deciding whether the case presents any meritorious issues." *See In re Schulman*, 252 S.W.3d 403, 407 n.23 (Tex. Crim. App. 2008) (quoting *Wilson v. State*, 955 S.W.2d 693, 696–97 (Tex. App.—Waco 1997, no pet.)).

## II.    INDEPENDENT REVIEW

Upon receiving an *Anders* brief, we must conduct a full examination of all the proceedings to determine whether the case is wholly frivolous.    *Penson v. Ohio*, 488 U.S. 75, 80 (1988).    A court of appeals has two options when an *Anders* brief is filed.    After reviewing the entire record, it may:    (1) determine that the appeal is wholly frivolous and issue an opinion explaining that it finds no reversible error; or (2) determine that there are arguable grounds for appeal and remand the case to the trial court for appointment of new appellate counsel.    *Kelly v.* State, 436 S.W.3d 313, 319 (Tex. Crim. App. 2014); *Bledsoe v. State*, 178 S.W.3d 824, 826–27 (Tex. Crim. App. 2005).    If the court finds arguable grounds for appeal, it may not review those grounds until after new counsel has briefed those issues on appeal.    *Bledsoe*, 178 S.W.3d 824, at 827.

We have reviewed the entire record and counsel's brief; we have found nothing that would arguably support an appeal.    *See id.* at 827–28 ("Due to the nature of *Anders* briefs, by indicating in the opinion that it considered the issues raised in the briefs and reviewed the record for reversible error but found none, the court of appeals met the requirement of Texas Rule of Appellate Procedure 47.1."); *Stafford*, 813 S.W.2d at 509. There is no reversible error in the record.

## III.    MOTION TO WITHDRAW

In accordance with *Anders*, Cervantes's attorney has asked this Court for permission to withdraw as counsel for appellant.    *See Anders*, 386 U.S. at 744; *see also In re Schulman*, 252 S.W.3d at 408 n.17    ("[I]f an attorney believes the appeal is frivolous,

4

he must withdraw from representing the appellant. To withdraw from representation, the appointed attorney must file a motion to withdraw accompanied by a brief showing the appellate court that the appeal is frivolous.") (quoting *Jeffrey v. State*, 903 S.W.2d 776, 779–80 (Tex. App.—Dallas 1995, no pet.)). We grant counsel's motion to withdraw. Within five days of this Court's opinion, counsel is ordered to send a copy of this opinion and this Court's judgment to Cervantes and advise him of his right to file a petition for discretionary review.[2] *See* TEX. R. APP. P. 48.4; *see also In re Schulman*, 252 S.W.3d at 412 n.35; *Ex Parte Owens*, 206 S.W.3d 670, 673 (Tex. Crim. App. 2006).

## IV. CONCLUSION

We affirm the judgment of the trial court.


GINA M. BENAVIDES,
Justice

Do not publish.
TEX. R. APP. P. 47.2 (b).

Delivered and filed the
26th day of August, 2019.

---

[2] No substitute counsel will be appointed. Should appellant wish to seek further review of this case by the Texas Court of Criminal Appeals, he must either retain an attorney to file a petition for discretionary review or file a pro se petition for discretionary review. Any petition for discretionary review must be filed within thirty days from the date of either this opinion or the last timely motion for rehearing or timely motion for en banc reconsideration that was overruled by this Court. *See* TEX. R. APP. P. 68.2. Any petition for discretionary review must be filed with the clerk of the Texas Court of Criminal Appeals, *see id.* R. 68.3, and should comply with the requirements of the Texas Rule of Appellate Procedure 68.4. *See id.* R. 68.4.